## Szczepanski Estate

*David M. Jones*, for claimants.

*Herbert W. Salus, Jr.*, Special Assistant Attorney General.

*Murray B. Dolfman* and *Melvin E. Soll*, for Commonwealth.

KLEIN, P. J., June 9, 1964.—Josephine Szczepanski, also known as Josephine Spaltner and Jozefa Spaltner, died on June 28, 1959, unmarried and without issue, leaving a will which was admitted to probate on September 8, 1959, when letters testamentary were granted to Samson B. Bernstein.

Mr. Bernstein filed his account, which was confirmed by my adjudication of November 28, 1962, in which the shares of $1,250, each, payable to Czeslaw Zurek (named in the will as Czestaw Zurek), Boleslaw Zurek

(named in the will as Bolek Zurek), and Eugenia Zurek (named in the will as Jennie Zurek), decedent's nephews and niece, residing in Poland, were awarded to the Commonwealth of Pennsylvania, to be paid into the State Treasury, without escheat, pursuant to the provisions of section 1314 of The Fiscal Code of April 9, 1929, P. L. 343.

On September 27, 1963, David M. Jones, Esq., for the firm of MacCoy, Evans and Lewis, filed a petition in accordance with the decision of this court in Mitchell Estate, 22 D. & C. 2d 659, 11 Fiduc. Rep. 75 (1960), in which we outlined the procedure we suggest should be followed for recovering funds paid into the State Treasury in behalf of nonresident beneficiaries of the estates of decedents. In this petition, it is alleged, inter alia, that: The aforenamed beneficiaries had executed a power of attorney in favor of the Counsel General of the Polish People's Republic on May 11, 1960, whereupon the Counsel General executed substitution power of attorney in favor of MacCoy, Evans and Lewis. The shares of said beneficiaries were awarded to the Commonwealth "because the documents establishing the relationship of the claimant-beneficiaries to the decedent had not, at the time of the audit, been received," but they have since been received by him. He attached to the petition a family tree establishing relationship.

On February 20, 1964, MacCoy, Evans and Lewis filed another power of attorney, appointing David M. Jones, Esq., as substituted attorney in fact for the parties.

At the hearing held on March 25, 1964, Mr. Dolfman entered an appearance for the Commonwealth of Pennsylvania, claiming such transfer inheritance tax as may be due and assessed, and the order herein contained will accordingly be entered subject thereto.

At the same hearing, Mr. Jones submitted documentary proof which established the relationship of the

claimants to decedent to the satisfaction of the auditing judge and counsel for the Commonwealth.

The auditing judge, therefore, finds as a fact that Czeslaw Zurek, Boleslaw Zurek, for whom Mr. Jones is appearing, are the nephews of decedent, being the sons of decedent's deceased brother, Michael Zurek, and are the persons named in decedent's will, and that Eugenia (also known as Jennie, Genia or Genowefa) Zurek, for whom Mr. Jones is also appearing, is decedent's niece, being the daughter of decedent's deceased brother, Franciszck (also known as Frank) Zurek, and is also the person named in decedent's will.

Having reached this conclusion, it becomes necessary to prepare an appropriate decree to authorize the payment by the Board of Finance and Revenue of the shares distributable to the claimants and paid into the State Treasury, to a proper person for transmittal to the claimants in Poland.*

The auditing judge has consulted with Herbert W. Salus, Jr., Special Assistant Attorney General, and Vincent X. Yakowicz, Deputy Attorney General. By letter dated May 22, 1964, addressed to the auditing judge, Mr. Yakowicz stated:

"After considerable thought and discussion by members of this Department concerning the form of decree that might be acceptable to your Court in awarding funds to heirs behind the Iron Curtain, either under Section 1314 of The Fiscal Code of 1929 or under the so-called Iron Curtain Act of 1953, P.L. 674, we are submitting a suggested form of decree, reflecting our joint efforts, which we trust you will find appropriate for use in the above estate as well as in similar future cases . . ."

---

* It should be noted that it has been the practice of this court to limit the amount of such remittances to beneficiaries residing in the Polish People's Republic, where the funds are in excess of $1,000, to $100 per month for each beneficiary.

.The following decree, which we are now entering, is substantially in the form suggested by Mr. Yakowicz:

*Decree*

And now, June 9, 1964, upon consideration of the within petition and upon hearing duly held, it has been established by proof to the satisfaction of the court that claimants Czeslaw Zurek, Boleslaw Zurek and Eugenia Zurek are the owners and the proper persons entitled to receive the distributive funds in the estate of Josephine Szczepanski, also known as Josephine Spaltner, Jozefa Spaltner, deceased, in the amount of $1,250, each, or in the total amount of $3,750, which by adjudication dated November 28, 1962, were ordered to be paid through the Department of Revenue into the State Treasury, without escheat, in accordance with the provisions of The Fiscal Code of 1929, P. L. 343, sec. 1314, and it has been further established to the satisfaction of the court that the said Czeslaw Zurek, Boleslaw Zurek and Eugenia Zurek will have the actual possession, benefit, use, enjoyment and control of the funds involved upon distribution to them in limited, monthly installments, in accordance with the prevailing practice in this court.

Accordingly, the Board of Finance and Revenue is hereby directed to make an order for the repayment of the said distributable funds, out of the funds in the State Treasury appropriated for that purpose, with interest thereon at the rate of two percent per annum, as provided by law, said distributable funds to be paid to David M. Jones, substitute attorney in fact.

David M. Jones, substitute attorney in fact, is hereby charged with the duty to pay such transfer inheritance tax, if any, together with interest and penalty thereon, as may be duly appraised and assessed, and shall thereafter make distribution to the said Czeslaw Zurek, Boleslaw Zurek and Eugenia Zurek, of the balance of their distributive shares at the rate of $100 per month

to each of them. Remittances shall be made by David M. Jones through commercially recognized banking channels.

Receipt of all remittances of such funds shall be authenticated by the signatures of the beneficiaries to the satisfaction of the said David M. Jones. No remittance shall be made, subsequent to the first, until such valid receipts for all prior remittances have been received by David M. Jones. When the entire fund has been transmitted to the beneficiaries, appropriate satisfactions of awards shall be filed with the clerk of the court.